IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGC NETWORKS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-308-LPS |
| | ) | |
| RELEVANTE, INC., JOSH HADFIELD, | ) | |
| ANTHONY MILLER, SCOTT SMITH, | ) | |
| RICHARD TARITY, JENNIFER WAGNER, | ) | |
| and EILEEN WAINWRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this 31st day of March, 2015:

Having reviewed the motion to dismiss counterclaims filed by Plaintiff AGC Networks, Inc. ("Plaintiff"), and the papers submitted in connection therewith (D.I. 17, 18, 19, 21, 22),

**IT IS HEREBY ORDERED** that, for the reasons stated below, the Motion to Dismiss is **GRANTED** and the counterclaim asserted by Defendant Relevante, Inc. ("Defendant") is **DISMISSED**.

Background. Plaintiff filed this lawsuit against Defendants for allegedly "execut[ing] an elaborate scheme to steal AGC's established customers, suppliers, distributors, and vendors, in addition to AGC's top managers, engineers, and sales associates." (D.I. 18 at 1) The complaint was filed on March 6, 2014. (D.I. 1) Thereafter, on April 1, 2014, AGC sent letters to some of its former customers informing them of the complaint and requesting that they preserve electronically stored information that might be relevant to the issues in this case (the

1

"Preservation Letters"). (D.I. 18 at 6-7; D.I. 19 Ex. A) Defendant then asserted a counterclaim against AGC for tortious interference with prospective business activities, alleging that, by sending the Preservation Letters, Plaintiffs intentionally and wrongfully interfered with Defendant's business relationships or expectancies with those third parties. (D.I. 16 at 15-19)

AGC has filed a motion to dismiss Defendant's sole counterclaim. (D.I. 17) AGC's motion is predicated on the contention that the communications on which the tortious interference claim is based (the Preservation Letters) are subject to the absolute litigation privilege associated with communications made during the course of judicial proceedings. Therefore, according to AGC, Defendant has failed to state a claim on which relief may be granted.

Legal Standards. When presented with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. This first step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 500 (3d Cir. 2000). However, the Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Second, courts determine "whether the facts alleged in the complaint are sufficient to

2

show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted). Finally, although a non-fraud claim need not be pled with particularity or specificity, that claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

Discussion. The parties agree that Defendant has satisfied the pleading standards of Rule 12(b)(6) so long as the Court finds that the claim for tortious interference with business prospects is not barred by the Delaware's absolute litigation privilege. That is, application of the absolute privilege doctrine is the sole issue presented by AGC's motion.

Delaware adheres to the common law rule of "absolute privilege" that "protects from actions for defamation statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding and were relevant to the matter at issue in the case."

3

*Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992). Here, then, the Court must determine whether: (1) AGC's statements in the Preservation Letters were made during the course of a judicial proceeding; (2) if so, whether the content of AGC's statements was relevant to this action; and (3) whether Delaware's absolute privilege doctrine is limited to the tort of defamation. The Court has concluded it agrees with AGC on all three questions.

First, the statements in the Preservation Letters were made during the course of a judicial proceeding. Delaware's privilege is "not narrowly confined to intra-courtroom events, but extends to all communications appurtenant thereto such as conversations between witnesses and counsel, the drafting of pleadings, and the taking of depositions or affidavits *ex parte*." *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. Ct. 1983) (internal citations omitted). The allegedly tortious statements in this case were made in the form of the Preservation Letters, which was correspondence sent to potential third-party witnesses in an effort to preserve evidence. These statements, therefore, occurred in the course of a judicial proceeding. Hence, "the contacts ... with [D]efendants' customers in this case were preliminary steps in the preparation of plaintiff's case and thus were made during the course of a judicial proceeding." *Hoover v. Van Stone*, 540 F. Supp. 1118, 1123 (D. Del. 1982).

Second, the content of AGC's statements in the Preservation Letters were relevant to this action. "This requirement of relevancy, however, has been liberally construed.[1] Strict legal relevance need not be demonstrated; instead the allegedly defamatory statements must have only

---

[1] This liberal construction promotes the "purpose served by the absolute privilege," which is "to facilitate the flow of communication between persons involved in judicial proceedings and, thus, to aid in the complete and full disclosure of facts necessary to a fair adjudication." *Hoover*, 540 F. Supp. at 1122.

4

some connection to the subject matter of the pending action." *Id.* at 1121. As in *Hoover*,

> [t]he disclosure of the existence of the suit in the form letter sent to [Defendant's] customers and the description of the allegations of the complaint . . . were reasonably calculated to obtain responsive information concerning each customer's transactions. . . . Accordingly, the alleged defamatory statements made in this case were pertinent to the subject matter of the suit and are absolutely privileged.

*Id.* at 1123-24.

Finally, the Preservation Letters are within the scope of the absolute privilege even though Defendant has not asserted a defamation claim. Defendant argues that the absolute privilege only applies to defamation claims, pointing out that in *Hoover* there was an underlying defamation claim which is absent here. As the Delaware Supreme Court has explained,

> The absolute privilege would be meaningless if a simple recasting of the cause of action from 'defamation' to 'intentional infliction of emotional distress' or 'invasion of privacy' could void its effect. . . . To the extent that such statements were made in the course of judicial proceedings, they are privileged, regardless of the tort theory by which the plaintiff seeks to impose liability.

*Barker*, 610 A.2d at 1349. The Court is not persuaded that Delaware law protects defamatory false statements but does not protect non-defamatory truthful[2] statements that meet the other requirements for application of the absolute litigation privilege.

                                                                                                /s/
_____
UNITED STATES DISTRICT JUDGE

---

[2] As Defendant acknowledges, it "makes no allegations in its counterclaim about the falsity of any statement or communication made by AGC to its former customers regarding this litigation." (D.I. 21 at 12)

5